STATE OF FLORIDA
DIVISION OF ADMINISTRATIVE HEARINGS
OFFICE OF THE JUDGE OF COMPENSATION CLAIMS
MIAMI DISTRICT OFFICE

EMPLOYEE:
MICHAEL UMBERG
417 HECK AVENUE
SUMMERLAND KEY, FL 33042

ATTORNEY FOR EMPLOYEE:
STEPHEN E. RENICK, ESQ.
LABOVICK LAW GROUP
15600 S.W. 288 STREET
HOMESTEAD, FL 33033

EMPLOYER:
NOBLE HOUSE HOTELS &
RESORTS, LTD.
28500 OVERSEAS HIGHWAY
SUMMERLAND KEY, FL 33042

ATTORNEY FOR EMPLOYER/CARRIER/S/A:
DESI J. MORALES, ESQ.
LOPEZ & MORALES, P.A.
11606 CITY HALL PROMENADE – STE 201
MIRAMAR, FL 33025

CARRIER:
SOMPO INTERNATIONAL
11405 NORTH COMMUNITY HOUSE
ROAD, SUITE 60
CHARLOTTE, NC 28277

SERVICING AGENT:
GALLAGHER BASSETT SERVICES, INC.
P.O. BOX 2934
CLINTON, IA 52733

CLAIM NO.:  017067-000293-WC-01
D/A: 11/21/2023
OJCC NO: 24-001581SMS

## FULL RELEASE

The above-named parties hereby enter into the following Full Release made for

the specific purpose of discharging NOBLE HOUSE HOTELS & RESORTS,

LTD./LITTLE PALM ISLAND/SOMPO INTERNATIONAL, (HEREINAFTER

"EMPLOYER/CARRIER/SERVICING AGENT") for any further liabilities to MICHAEL

UMBERG, (HEREINAFTER "EMPLOYEE/CLAIMANT), in exchange for the payment of

a lump-sum of money to EMPLOYEE/CLAIMANT.  The parties, therefore, stipulate as

follows:

1. __JURISDICTION__ - The Florida Division of Administrative Hearings and the Judge of Compensation Claims (HEREINAFTER "JUDGE") appointed under F.S. §440.45 have jurisdiction of the subject of attorney's fees and child support arrearage as provided in F.S. 440.20(c)(2001).

2. __DESCRIPTION OF ACCIDENT__ - On 11/21/2023 EMPLOYEE/CLAIMANT, contends he was injured by accident as contemplated under F.S. 440.02 arising out of and in the course of employment with EMPLOYER/CARRIER/SERVICING AGENT, in MONROE COUNTY, FLORIDA.

3. __CONFIDENTIALITY__ - In consideration of the benefits provided by EMPLOYER/CARRIER/SERVICING AGENT hereunder, EMPLOYEE/CLAIMANT agrees to return to EMPLOYER all written materials and other property in EMPLOYEE/CLAIMANT'S possession relating to its business and to refrain from discussing the business or affairs of EMPLOYER/CARRIER/SERVICING AGENT or the circumstances involved in his employment or resignation including the terms of this Agreement. This confidentiality provision is to be strictly regarded by EMPLOYEE/CLAIMANT and EMPLOYER/CARRIER/SERVICING AGENT.

4. __MAXIMUM MEDICAL IMPROVEMENT, IMPAIRMENT RATING AND WORK RESTRICTIONS__ - EMPLOYEE/CLAIMANT acknowledges that the term "Maximum Medical Improvement" is a term of art meaning, essentially, that EMPLOYEE/CLAIMANT has reached a plateau in medical treatment from which no further recovery may be reasonably anticipated. EMPLOYEE/CLAIMANT acknowledges that Fla. Stat. §440.20(c)(2001) does not require a finding of maximum

medical improvement in order to settle and release any and all benefits cognizable of all under Fla. Stat. §440. Regardless, for the purpose of this Release, EMPLOYEE/CLAIMANT stipulates he is at MMI for all conditions including psychiatric, and/or that any and all MMI requirements are expressly waived.

5.     **SETTLEMENT AMOUNT AND DISCHARGE FROM LIABILITY FOR PAST AND FUTURE COMPENSATION** - EMPLOYER/CARRIER/SERVICING AGENT will pay to EMPLOYEE/CLAIMANT $          less $2,000.00 paid in advance, in full satisfaction of the obligation or liability to pay all benefits of whatever kind or classification available under the Florida Workers' Compensation Law including, but not limited to, future medical benefits, monetary compensation as contemplated under **Section 440.15, Florida Statutes**, impairment benefits, death benefits, past attorney's fees, unauthorized past medical benefits, and rehabilitation benefits under **Section 440.49, Florida Statutes**, on account of the alleged accident or occupational disease referenced herein which shall be allocated as follows:

| | | | |
|---|---|---|---:|
| a. | Past and future compensation benefits | S | 12,840.00 |
| b. | Future medical expenses for non-medicare covered items | S | 12,840.00 |
| c. | Past and future medical expenses, vocational, retraining, physical, and all other types of rehab | S | 500.00 |
| d. | Attorney fees & costs | S | 8,820.00 |
| | TOTAL | S | 35,000.00 |

In addition, the payment of the lump-sum set forth herein will definitely aid in the rehabilitation of the injured EMPLOYEE/CLAIMANT or will otherwise be in his best interest. Upon receipt of the lump-sum, EMPLOYER/CARRIER/SERVICING AGENT

will be forever released and discharged from the obligation or liability to pay any and all benefits of whatever kind or classification payable under the Florida Workers' Compensation Law. EMPLOYEE/CLAIMANT also bears responsibility for any past unauthorized medical care.

The parties agree that EMPLOYER/CARRIER/SERVICING AGENT will have 30 days plus mail time, __14 days__ from the date EMPLOYER/CARRIER/ SERVICING AGENT receives the JUDGE's Order(s) to pay the lump sum, including any fees, costs, and other payments made pursuant to any JOINT STIPULATION.

Upon receipt of the lump sum, EMPLOYER/CARRIER/SERVICING AGENT will be forever released and discharged from the obligation or liability to pay any and all benefits of whatever kind or classification payable under the Florida Workers' Compensation Law.

6.   **PRORATION OF FUTURE MEDICAL CLAUSE** - In reaching this agreement, the parties have considered that many common medical expenses are not paid or reimbursable under certain group health policies or the Federal Medicare Program. These medical expenses are the responsibility of the workers' compensation carrier and are being taken into consideration in the settlement of future medicals.

These expenses include travel expenses, prescription medication, routine follow up visits, supportive devices, medical comfort services, Medicare Hospital Deductible and Medicare Part B co-payments, emergency room treatment and hospitalization not covered by Medicare but necessary in the ongoing treatment of the workers' compensation injury. It is the intent of the parties that the future medical compensation given be utilized by EMPLOYEE/CLAIMANT for these non-covered services.

7. **EMPLOYEE/CLAIMANT'S   ASSUMPTIONS  FOR  OBLIGATION  OF ATTORNEYS   FEES,COSTS   AND   CHILD   SUPPORT   ARREARAGE** - EMPLOYEE/CLAIMANT acknowledges full responsibility for any and all attorneys' fees, liens, and/or costs that may be due to any prior attorney. EMPLOYEE/CLAIMANT expressly agrees to pay for same by virtue of this settlement. EMPLOYEE/CLAIMANT agrees   that   no   separate   claim   shall   be   asserted   against EMPLOYER/CARRIER/SERVICING AGENT herein, to recover any attorneys' fees and costs not specifically set forth in this agreement. The attorney's fees portion of this award is subject to review and approval by the judge per F.S. §440.20(12)(c)(2001). Further, all provisions regarding child support arrearage per F.S.§440.20 (12)(d)(2001) have been submitted to the judge as required.

8. **ATTORNEY'S FEES PAYABLE BY EMPLOYEE/CLAIMANT** - The EMPLOYEE/CLAIMANT has been represented by STEPHEN RENICK, ESQ., in connection with this matter who is entitled to a fee for legal services rendered. $ 8,750.00, is a reasonable fee for such services, plus costs of $ 70.00. Notwithstanding the   provisions   of   F.S.   440.34(3)   (a-d),   EMPLOYEE/CLAIMANT   and   not EMPLOYER/CARRIER/SERVICING AGENT is responsible for the payment of his own attorney's fees, as such approval is required by the judge.

9. **FUTURE   MEDICAL   CARE   -   LIMITATION   PERIOD** - EMPLOYER/CARRIER/SERVICING AGENT is not responsible for payment of indemnity (if applicable) or for provision of medical, as of the date of settlement.

10. **PRESENT WORTH AND POSSIBLE OFFSET FOR SOCIAL SECURITY DISABILITY BENEFITS CONSIDERED** - In reaching this agreement, the parties have

considered the present value of all future payments of monetary compensation, impairment benefits and death benefits potentially payable to EMPLOYEE/CLAIMANT on account of the accident or occupational disease referenced herein. Consideration was also given to the possible loss of supplemental benefits under F.S. §440.15(1)(e)1. and to the right of the Social Security Administration to offset disability benefits due under that law for workers' compensation benefits payable under state law. The present value of the future compensation benefits potentially payable on account of the accident or occupational disease referenced herein was discounted sufficiently to take into consideration EMPLOYER/CARRIER/SERVICING AGENT'S right to offset compensation benefits due under the Florida Workers' Compensation Act against benefits payable on account of total disability under Chapter 42 of the United States Code.

11.   **MSA/CMS** - Pursuant to 42 USC §1395(y), 42 CFR §411.1 et al, the Medicare intermediary manual, the Medicare carriers manual and the controlling CMS memorandum, the parties to this settlement believe that any rights or interests Medicare may have regarding a Medicare Set-Aside (MSA) within the settlement have been adequately considered and protected by confirming that EMPLOYEE/CLAIMANT's settlement does not fall within the current Centers for Medicare and Medicaid (CMS) work review thresholds of requiring formal approval of a MSA from CMS based on EMPLOYEE/CLAIMANT's settlement amount and his verified Social Security Disability and Medicare status.

CMS/Medicare currently solicits and reviews MSA proposals when EMPLOYEE/CLAIMANT is entitled to Medicare and the claims settlement value

exceeds $ 25,000.00 or when EMPLOYEE/CLAIMANT will become entitled to receive Medicare within thirty (30) months and the total settlement value exceeds $ 250,000.00.

EMPLOYEE/CLAIMANT has independently verified through the Social Security Administration that he **IS/IS NOT** in receipt of Social Security Disability benefits. EMPLOYEE/CLAIMANT has also verified that he **IS/IS NOT** entitled to Medicare benefits. EMPLOYEE/CLAIMANT also stipulates that as of the date of his settlement that he **IS/IS NOT** receiving Social Security Disability benefits and **IS/IS NOT** a Medicare beneficiary.

In applying the CMS review thresholds to this matter, based upon EMPLOYEE/CLAIMANT's Medicare entitlement and his settlement value of $35,000.00, CMS approval of an MSA **IS/IS NOT** required.

Additionally, EMPLOYEE/CLAIMANT will not submit bills to CMS/Medicare in contravention of the MSP. As part of this agreement, EMPLOYEE/CLAIMANT also agrees to indemnify and/or hold harmless EMPLOYER/CARRIER/SERVICING AGENT for any loss of Medicare benefits or for any recovery the Centers for Medicare and Medicaid Services may pursue. In addition, EMPLOYEE/CLAIMANT agrees to release as part of this agreement any right to bring any possible future action under §1395(y) of the Medicare Secondary Payer Statute (MSP).

12.   **WAIVER OF PENALTIES, INTEREST, AND FORMAL NOTICE** - EMPLOYEE/CLAIMANT does hereby waive any right he may have to any and all penalties or interest on account of the accident or occupational disease referenced herein.

c.   EMPLOYEE/CLAIMANT further acknowledges that he has received no advice or input from counsel for EMPLOYER/CARRIER/SERVICING AGENT in deciding to execute this release.   This release has been signed by the EMPLOYEE/CLAIMANT, who has acted in his own free will.

d.   EMPLOYEE/CLAIMANT further acknowledges that the terms of this settlement agreement and stipulations as set forth below have been translated into his native language, if other than English.

e.   EMPLOYEE/CLAIMANT acknowledges by reading and executing this release he gives up the right to pursue or maintain a claim, bring a lawsuit, file an administrative charge of discrimination, or otherwise seek money damages or court orders against EMPLOYER/CARRIER/SERVICING AGENT.

## STIPULATION AND RELEASE

Under the provisions of F.S. §440.20(11)(c)(2001), the parties hereby enter into this full and final Release which will forever discharge and release EMPLOYER/CARRIER/SERVICING AGENT from all further liability to EMPLOYEE/CLAIMANT for all benefits available of whatever kind or classification including, but not limited to, future medical benefits, compensation for disability under Section 440.15, Florida Statutes, impairment benefits, unauthorized past medical benefits, past attorney's fees, death benefits and rehabilitation benefits due under the Florida   Workers' Compensation Law upon payment of the lump-sum herein provided which shall not be subject to modification under F.S. 440.28, and including any and all other wages and/or liabilities which may exist under the law, as referenced herein.

13. **ALL KNOWN ACCIDENT, INJURIES, AND OCCUPATIONAL DISEASES REVEALED AND ALL PENDING CLAIMS WITHDRAWN** - EMPLOYEE/CLAIMANT represents and affirms that all accidents, injuries and occupational diseases, whether revealed to EMPLOYER/CARRIER/SERVICING AGENT or not, while employed by EMPLOYER/CARRIER/SERVICING AGENT are deemed revealed, and any and all pending or potential claims relating thereto are withdrawn with prejudice.

14. **EMPLOYER/CARRIER/SERVICING AGENT GIVEN FORMAL NOTICE OF PROPOSED LUMP-SUM SETTLEMENT** - The parties represent that the terms and conditions of this settlement have been disclosed to EMPLOYER/CARRIER/SERVICING AGENT; and, as required under F.S. 440.20(11)(b), said EMPLOYER/CARRIER/SERVICING AGENT has been advised of the right to appear at a hearing before the judge to present testimony regarding said settlement.

15. **WAIVER OR REINSTATEMENT** - EMPLOYEE/CLAIMANT expressly waives any right or claim whatsoever to reinstatement or re-employment by the EMPLOYER/CARRIER/SERVICING AGENT, or any of its related subsidiaries, directors, officers, agents, attorneys, employers, successors, and assigns.

16. **READING OF RELEASE** -

    a.    EMPLOYEE/CLAIMANT fully understands, voluntarily accepts, and voluntarily agrees to this release.

    b.    EMPLOYEE/CLAIMANT acknowledges representation by counsel in the prosecution of the claims or potential claims from the industrial accident being released and has relied on the advice of counsel in the explanation, understanding, and execution of this release.

This full and final Release was signed by EMPLOYER/CARRIER/SERVICING AGENT on the 26 day of _June_, 2024, and by EMPLOYEE/CLAIMANT on the 17 day of _June_, 2024.

_____
EMPLOYEE/CLAIMANT
MICHAEL UMBERG

_____
ATTORNEY FOR EMPLOYEE/CLAIMANT
STEPHEN RENICK, ESQ.

_____
DESI J. MORALES, ESQUIRE
ATTORNEY FOR EMPLOYER/CARRIER/SERVICING AGENT

STATE OF FLORIDA            )
COUNTY OF _Monroe_          )

BEFORE ME, the undersigned authority, personally appeared _Michael Umberg_, on this _17th_ day of _June_, 2024 who upon being duly sworn certifies that the information furnished by as incorporated in the foregoing Stipulation is true and correct and that he has read (or had read in his native language) the Release and believes the lump-sum settlement be in his best interest.

___ Personally known to me; or
_X_ Produced identification as follows: _Florida Drivers License_

_____
EMPLOYEE/CLAIMANT
MICHAEL UMBERG

_____
NOTARY PUBLIC

COLLEEN L FULLER
NOTARY
My Comm. Expires
6/5/2027
Comm. No. HH 408467
PUBLIC
STATE OF FLORIDA