**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

MICHAEL UMBERG,                                    CASE NO.: 4:24-CV-10100-DPG

      Plaintiff,

v.

NOBLE HOUSE HOTELS & RESORTS, LTD.,

      Defendant.

_____/

## MOTION TO DISMISS, ENFORCE SETTLEMENT AGREEMENT AND FOR DAMAGES AND ATTORNEY'S FEES

NOBLE HOUSE HOTELS & RESORTS, LTD. ("Noble House") pursuant to Fed. R. Civ. P. 12(b)(1), hereby moves to dismiss the Complaint [D.E. 1] filed by Plaintiff MICHAEL UMBERG ("Plaintiff"). Plaintiff agreed to release his claims against Noble House. Accordingly, Noble House hereby moves this Honorable Court to enforce the Release Agreements entered into between Plaintiff and Noble House on June 17, 2024. Furthermore, Noble House requests that Plaintiff be ordered to pay its attorney's fees and costs in connection with its efforts to have Plaintiff comply with the terms of the Release Agreement. As grounds for this Motion, Noble House states as follows:

### INTRODUCTION

On December 16, 2024, Plaintiff instituted this action against Noble House in the United States District Court for the Southern District of Florida. However, Plaintiff is precluded from pursuing his claims in this Court because of his written agreements to release his claims against Noble House. On or around June 17, 2024, Plaintiff entered into a written Separation Agreement and Release (the "Separation Agreement") and a written Full Release (the "Release") with Noble House pursuant to which Plaintiff agreed to release Noble House from the claims asserted in this

case. A true and correct copy of the Release is attached to Plaintiff's Complaint [D.E. 1] as Exhibit B, and a true and correct copy of the Separation Agreement is attached to Plaintiff's Complaint as Exhibit C. As part of the agreements, Plaintiff plainly waived his right to file a lawsuit against Noble House. Accordingly, the Court should dismiss Plaintiff's Complaint.

## SUMMARY OF RELEVANT FACTS[1]

1. Plaintiff worked for Noble House as a "Dockmaster" at its resorts in the Florida Keys, including Little Palm Island and Little Torch Key, beginning on or about September 13, 2022. *See* D.E. 1 at ¶ 5.

2. Noble House Hotels provides transportation for their employees to and from its resort on Little Palm Island via shuttle boats. *See* D.E. 1 at ¶ 6.

3. On November 21, 2023, upon disembarking from the shuttle boat Plaintiff allegedly tripped, fell, and injured himself. *See* D.E. 1 at ¶¶ 8, 14.

4. Noble House terminated Plaintiff's employment on November 29, 2023, and the Personnel Action Form identified the reason for his termination as "Violation of Safety Procedure." *See* D.E. 1 at ¶ 22.

5. On January 19, 2024, Plaintiff filed a claim for Workers' Compensation Benefits. *See* D.E. 1 at ¶ 23.

6. On May 29, 2024, the parties attended mediation regarding Plaintiff's workers' compensation claim, reached a settlement and signed a "Mediation Agreement." *See* D.E. 1-3.

---

[1] All facts stated refer to allegations in Plaintiff's Complaint which are assumed true only for purposes of this motion.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

7.  On June 17, 2024, Plaintiff signed and agreed to the Release which contained a release of Mr. Umberg's workers' compensation claims with a carve-out for a Fla. Stat. §440.205 claim only. *See* D.E. 1-4.

8.  Additionally, Plaintiff signed and agreed to the Separation Agreement which contained a release of all claims arising out of his employment with Noble House. *See* D.E. 1-5.

9.  Pursuant to the Release, Plaintiff agreed:

> "EMPLOYEE/CLAIMANT acknowledges by reading and executing this release he gives up the right to pursue or maintain a claim, bring a lawsuit, file an administrative charge of discrimination, or otherwise seek money damages or court orders against EMPLOYER/CARRIER/SERVICING AGENT."

*See* D.E. 1-4, ¶ 16.

10. Pursuant to the Release, Plaintiff further agreed:

> "Under the provisions of F.S. §440.20(11)(c)(2001), the parties hereby enter into this full and final Release which will forever discharge and release EMPLOYER/CARRIER/SERVICING AGENT from all further liability to EMPLOYEE/CLAIMANT for all benefits available of whatever kind or classification including, but not limited to, future medical benefits, compensation for disability under Section 440.15, Florida Statutes, impairment benefits, unauthorized past medical benefits, past attorney's fees, death benefits and rehabilitation benefits due under the Florida Workers' Compensation Law upon payment of the lump-sum herein provided which shall not be subject to modification under F.S. 440.28, and including any and all other wages and/or liabilities which may exist under the law, as referenced herein. "

*See* D.E. 1-4, ¶ 16.

11. Pursuant to the Separation Agreement, Plaintiff agreed:

> "I hereby waive and release my right to future claims and/or lawsuits against RELEASEES and forever discharge the RELEASEES from any and all losses, expenses, claims, judgment, costs, past attorneys' fees, expenses, rights, and entitlement, whether known or unknown, that I have now or may later claim to have had against any RELEASEES, without any limitation, on account of anything which has occurred up to the date I sign this SETTLEMENT AGREEMENT AND RELEASE, including, without limitation, those arising out of my employment with the RELEASEES,

3

> excluding only my rights to any vested pension benefits. This release includes, but is not limited to, any claims for workers' compensation, including any potential claim pursuant to Section 440.205, Florida Statutes, . . ."

*See* D.E. 1-5.

12. Pursuant to the Separation Agreement, Plaintiff further agreed:

> I hereby acknowledge receipt of ONE HUNDRED DOLLARS AND NO CENTS ($100.00), United States Currency, as valuable and <u>separate</u> consideration, in exchange for my agreement to sign this SETTLEMENT AGREEMENT AND RELEASE.

*See* D.E. 1-5.

## **MEMORANDUM OF LAW**

### I.   **LEGAL STANDARD**

#### 1.   <u>**Rule 12(b)(6) Failure to State Cause of Action**</u>

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff fails to set forth facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, the court is not required to accept, as true, legal conclusions couched as factual allegations. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). "But where the well-pleaded facts do not merit the court to infer more than the mere possibility of misconduct, the complaint . . . has not show[n]' . . . 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

In analyzing a Rule 12(b)(6) motion, the court should accept all **well-pleaded** facts in the Complaint as true and draw all inferences in the plaintiff's favor. *Craft v. Olszewski*, 428 F. App'x 919, 921 (11th Cir. 2011)(emphasis added). However, the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (internal quotations omitted). "[C]onclusory, allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss." *Iqbal*, 556 U.S. at 678.

An action may be dismissed as futile when the complaint, even when amended "would fail to state a claim upon which relief could be granted." *Rhodes v. Omega Research, Inc.*, 38 F. Supp. 2d 1353, 1357–58 (S.D. Fla. 1999); 3 *Moore's Federal Practice* ¶ 15.08[4], at 15–80 (3d ed.1998); *see Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996) ("In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion.") (citations omitted).

## II.   ARGUMENTS

### 1.   Plaintiff Agreed To Release His Claims Against Noble House.

The formation, construction, and enforceability of settlement contracts is governed by state law applicable to contracts in general. *Florida Education Association, Inc. v. Atkinson*, 481 F.2d 662 (5th Cir.1973); *see also Broadnax v. Sand Lake Cancer Ctr., P.A.*, 819 F. App'x 799, 801 (11th Cir. 2020). Under Florida law, a binding contract exists when: (1) the parties have mutually assented "to a certain and definite proposition"; and (2) the parties' agreement is supported by consideration. *See Office Pavilion S. Fla., Inc. v. ASAL Prod., Inc.*, 849 So.2d 367, 370 (Fla. 4th DCA 2003); *Sun Bank of Tampa v. Bryan*, 527 So.2d 290, 294 (Fla. 2nd DCA 1988).

Settlement agreements "represent a means of amicably resolving doubts and terminating lawsuits." *Matter of Blue Crest Holding Asset, Inc.*, No. 17-21011-Civ, 2018 WL 2227739, at *10 (S.D. Fla. May 16, 2018) (citations omitted). "Settlement agreements are favored as a means to conserve judicial resources. Courts will enforce them when it is possible to do so." *Spiegel v. H. Allen Homes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002). Courts "cannot allow a litigant to attack the integrity of the settlement process by attempting to recharacterize the focus of his litigation after he decides he is unhappy with the settlement." *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1487 (11th Cir. 1994).

In the State of Florida, settlement agreements are highly favored and are to be enforced whenever possible. *See Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985) (Settlements are highly favored and will be enforced whenever possible.); *see also KCG, Inc. v. Rosen*, 730 So. 2d 807 (Fla. 3d DCA 1999) (per curiam); *De Cespedes v. Bolanos*, 711 So. 2d 216, 218 (Fla. 3d DCA 1998); *Petracca v. Petracca*, 706 So. 2d 904, 912 (Fla. 4th DCA 1998) (In short, it is the policy of this state to encourage settlements and enforce them whenever it is possible to do so.); *Sun Microsystems of California, Inc. v. Engineering and Mfg. Sys., C.A.*, 682 So. 2d 219, 220 (Fla. 3d DCA 1996) (The public policy of the State of Florida, as articulated in numerous court decisions, highly favors settlement agreements among parties and will seek to enforce them whenever possible.); *Metropolitan Dade County v. Fonte*, 683 So. 2d 1117, 1118 (Fla. 3d DCA 1996); *American Express Travel Related Services Co., Inc. v. Marrod, Inc.*, 637 So. 2d 4, 5 (Fla. 3d DCA 1994) (per curiam).

In the present case, the Separation Agreement between Plaintiff and Noble House meets the requirements of Florida substantive contract law and, thus, is a valid and enforceable agreement by Plaintiff to release his claims against Noble House.

      i.   <u>Plaintiff agreed to release his claims against Defendant in accordance with the Settlement Agreement **if** Defendant paid the settlement amount in accordance with the Settlement Agreement.</u>

"A promise, no matter how slight, can constitute sufficient consideration so long as a party agrees to do something that they are not bound to do." *Ashby v. Ashby*, 651 So. 2d 246, 247 (Fla. 4th DCA 1995) (citation omitted). An example of such a promise is the forbearance of a legal remedy. *See Citibank Int'l v. Mercogliano*, 574 So. 2d 1190, 1191 (Fla. 3d DCA 1991) ("It is well settled Florida law that forbearance from pursuing a legal remedy, where the promisee has a bona fide belief that a viable legal right exists, constitutes valid consideration for an agreement which benefits the promisor." (citations omitted)).

The Separation Agreement expressly contains a mutual exchange of promises to and by Plaintiff and Noble House that constitutes ample consideration to support the agreement. *See Boyle v. Schmitt*, 578 So. 2d 367, 368 (Fla. 3rd DCA 1991) (holding that the agreement at issue "was supported by sufficient consideration, namely, the mutual promises exchanged" by the parties); *Wilson v. Par Builders, II, Inc.*, 879 F. Supp. 1187, 1190 (M.D. Fla. 1995) ("In Florida, . . . mutually enforceable promises may constitute valid consideration for each other"); *Benoay v. E.F. Hutton & Co., Inc.*, 699 F. Supp. 1523, 1529 (S.D. Fla. 1988) (holding that "[t]he consideration exchanged for one party's promise to arbitrate [was] the other party's promise to arbitrate").

Here, Noble House agreed to pay to Plaintiff $100.00 pursuant to the Separation Agreement. In exchange, Plaintiff agreed to fully release all claims related to his employment with Noble House as described in the Separation Agreement. As a result of Plaintiff's agreement to forbear his right to pursue his claims against Noble House in accordance with the Separation Agreement, valid consideration for the Separation Agreement exists. Moreover, as a result of Noble House's agreement to pay Plaintiff in accordance with the Separation Agreement, valid

consideration for the Separation Agreement exists. Plaintiff's Agreement with Noble House easily satisfies the requirements of Florida Law.

ii.   The terms of the Settlement Agreement are clear and unambiguous.

Under Florida law, "[i]f a contract provision is clear and unambiguous, a court may not consider extrinsic or parol evidence to change the plain meaning set forth in the contract." *Cost Recovery Servs. LLC v. Alltel Commc'ns, Inc.*, 259 F. App'x 223, 225–26 (11th Cir. 2007) (alteration added; quotation marks omitted; quoting *Jenkins v. Eckerd Corp.*, 913 So. 2d 43, 52 (Fla. 1st DCA 2005)). The parties in this case mutually agreed to a "certain and definite proposition"—namely, to waive or discharge all claims against Noble House in exchange for payment." (*See* D.E. 1-5).

First, Plaintiff's signature on the Separation Agreement evidences his clear and definite consent. (*See* D.E. 1-5). Second, the Separation Agreement expressly sets forth clear, definite terms, and the essential terms were communicated to Plaintiff in writing. The clear intent of the parties was that Plaintiff would "waive and release" or "discharge and release" his claims against Noble House in exchange for payment. *See*  D.E. 1-5. Moreover, the parties have a cause or reason for obligating themselves—i.e., Plaintiff accepted the obligation to release Noble House as a condition of him receiving payment from Noble House and mutually gave up the right to litigate his claims as consideration for the Separation Agreement, as explicitly recited therein. *See* D.E. 1-5.

Plaintiff indisputably assented to this "certain and definite proposition" when he signed the Separation Agreement on June 17, 2024. *See Sabin v. Lowe's, Inc.*, 404 So. 2d 772, 773 (Fla. 5th DCA 1981) (holding "[a] party has a duty to learn and know the contents of a proposed contract before he signs and delivers it and is presumed to know and understand its contents, terms and

conditions."); *Snelling & Snelling, Inc. v. Reynolds*, 140 F. Supp. 2d 1314, 1322 (M.D. Fla. 2001) (holding "[a] party who signs a contract is presumed to know and understand the contents"). As a matter of law, the Separation Agreement is valid and enforceable under ordinary state law principles.

## **CONCLUSION**

It is not the Court's role to rewrite an agreement, "especially when both parties had ample opportunity to review the document before signing it." *Century Commc'ns. of Florida, Inc. v. Bright House Networks, LLC*, No. 09-81108, 2010 WL 11597662, at *2-3 (S.D. Fla. Sept. 29, 2010). In the instant case, Plaintiff signed and agreed to be bound by the terms of the Separation Agreement which stipulated a full release from all claims arising out of Plaintiff's employment, including claims under Fla. Stat. §440.205, and, as a result, this Court should dismiss Plaintiff's Complaint in its entirety.

By filing the instant lawsuit against Noble House, Plaintiff has willfully breached the terms of the Separation Agreement. As a result of Plaintiff's willful breach of the Separation Agreement, Noble House has suffered substantial harm, for which it should be fully compensated in an amount equal to the expenses it has incurred related to enforcing its rights under the Separation Agreement.

**WHEREFORE**, Defendant NOBLE HOUSE HOTELS & RESORTS, LTD. requests that the Court dismiss Plaintiff's Complaint, and award damages to Defendant to fully compensate Defendant for the expenses it has incurred related to enforcing its rights under the Separation Agreement, as well as any other additional relief the Court deems just and proper.

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400

9

P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6785
Facsimile (305) 373-2294
Primary e-mail: nicholas.nashII@csklegal.com
Primary e-mail: steven.ehrlich@csklegal.com
Secondary e-mail: ieshia.owens@csklegal.com


*s/ Nicholas M. Nash, II*

NICHOLAS M. NASH, II
Florida Bar No.:  1017063
STEVEN L. EHRLICH
Florida Bar No.:  91409

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of January 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> Counsel for Defendant
> Cole, Scott & Kissane Building
> 9150 South Dadeland Boulevard, Suite 1400
> P.O. Box 569015
> Miami, Florida 33256
> Telephone (786) 268-6785
> Facsimile (305) 373-2294
> Primary e-mail: nicholas.nashII@csklegal.com
> Primary e-mail: steven.ehrlich@csklegal.com
> Secondary e-mail: ieshia.owens@csklegal.com

> By:   *s/ Nicholas M. Nash, II*
> NICHOLAS M. NASH, II
> Florida Bar No.:  1017063
> STEVEN L. EHRLICH
> Florida Bar No.:  91409

0439.1126-00/-1