UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:24-CV-10100-GAYLES/GOODMAN

MICHAEL UMBERG,

      Plaintiff,

vs.

NOBLE HOUSE HOTELS & RESORTS, LTD.,

      Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiff, Michael Umberg, filed this lawsuit as a two-count Complaint seeking recovery from Defendant under Fla. Stat. §440.205 in Count I and declaratory relief in Count II. [ECF No. 1.] Defendant responded to the Complaint with its Motion to Dismiss, essentially urging the Court to dismiss the lawsuit because of the agreements signed on June 17, 2024. [ECF Nos. 1, 7.] Defendant's rather unsophisticated motion focuses on the enforcement of later-signed agreements without addressing the parties' mutual mistake that led to their inadvertently failing to exclude claims under Fla. Stat. §440.205 from being extinguished from the later-signed agreements as they agreed in writing after their mediation. [ECF No. 1-1.] Defendant does not identify any language in the later-signed agreements indicating they control over the signed mediation agreement (in which the parties agreed to permit Mr. Umberg to pursue – and not release – claims under Fla. Stat. §440.205). Relatedly, Defendant failed to address the invalidity of the later-signed agreements for violating the disclosure requirements applicable to older workers. While Defendant contends that it paid the

"settlement amount," the issue cannot be resolved at this phase of the litigation based on the allegations of the Complaint that the parties settled at mediation for a sum certain (and agreed that Mr. Umberg would not release claims under Fla. Stat.§440.205) and that Defendant did not pay any additional consideration for Mr. Umberg to release claims under Fla. Stat. §440.205. As set forth in more detail below, Defendant's Motion to Dismiss must be denied.

## II. RELEVANT HISTORY

1.      Defendant terminated Mr. Umberg's employment shortly after he suffered a work-related injury because of his claim for workers' compensation benefits by relying on "Record[s] of Work Discussion[s]" that it had fabricated. [ECF No. 1.]

2.      Mr. Umberg hired counsel who filed a claim for workers' compensation benefits. *Id.*

3.      Defendant responded to his claim for workers' compensation benefits with a denial. *Id.*

4.      Mr. Umberg resolved his workers' compensation claim against Defendant at mediation. *Id.*

5.      Mr. Umberg, his counsel, and counsel for the Defendant/employer (as the Defendant's agent) signed a "mediation agreement" that specifically provided for Mr. Umber to execute a release but still be able to pursue a claim against Defendant under Fla. Stat. §440.205. [ECF No. 1-1: "Claimant agrees to execute a General Release, with a carve-out for a 440.205 claim only, and separation agreement, with an agreement not to seek re-hire".]

6.      The Complaint does not allege the parties engaged in any negotiations after mediation because none were had.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

7.      The parties in the workers' compensation case then exchanged various documents to formalize their settlement and request the Administrative Judge to approve their settlement. [ECF No. 1.]

8.      Defendant's counsel prepared a "Full Release" and the "Separation and Release Agreement" (collectively the "later-signed agreements"), which Mr. Umberg and Defendant signed. [ECF Nos. 1-2, 1-3.]

9.      In the "Separation and Release Agreement," Defendant was required to pay Mr. Umberg an additional $100 as "separate consideration" (above the amount agreed upon at mediation.) [ECF No. 1-3.]

10.     Defendant mistakenly failed to include a provision in the later-signed agreements to exclude or carve out Mr. Umberg's claim under Fla. Stat. §440.205 from the claims being released so that he could pursue them notwithstanding the later-signed agreements (as the parties had agreed in writing at and as a result of their mediation). [ECF No. 1.]

11.     Neither Mr. Umberg, Defendant, nor their respective attorneys caught the mistake in failing to carve out (exclude) Mr. Umberg's claim under Fla. Stat. §440.205 from the claims released. *Compare* ECF Nos. 1-1 and 1-3.

12.     Mr. Umberg then filed this lawsuit to pursue his claim against Defendant under Fla. Stat. §440.205 and for declaratory relief to include:

   a.   Rescinding the later-signed agreements (violation of OWBPA and mutual mistake);

   b.   Reforming the later-signed agreements (mutual mistake);

   c.   Invalidating the later-signed agreements (violation of OWBPA); and

   d.   Declaring the later-signed agreements unenforceable (failure to pay the "separate consideration").

3

13.     Defendant responded to the Complaint with its Motion to Dismiss and focused on general contract principles regarding the enforcement of settlement agreements (but failed to address the various grounds for granting declaratory relief). [ECF No.

### III. STANDARD FOR MOTIONS TO DISMISS

"When considering a motion to dismiss, the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in the light most favorable to the plaintiff." *Levine v. World Fin. Network Nat. Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006) (internal citations omitted). "The district court should assume, on a case-by-case basis, that well-pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

> When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

*Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*, 2020 WL 70988, at *2 (S.D. Fla. Jan. 7, 2020).

The standard for granting a motion to dismiss is high, considering that "A motion to dismiss is granted only when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). For this reason, Defendant "...bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him

4

to relief." *Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernest & Young, L.L.P.*, 144 F.3d 732, 735–36 (11th Cir. 1998) (citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir.1986)).

The Eleventh Circuit Court of Appeal clarified that neither *Iqbal* nor *Twombly* rewrote the notice pleading standard:

> With what specificity must sincerity be pleaded? We have held many times when discussing a Rule 12(b)(6) motion to dismiss, that "the pleadings are construed broadly," *e.g., Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118, 1120 (11th Cir.2006), and that the allegations in the complaint are viewed in the light most favorable to the plaintiff, *e.g., Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir.1998). Of course, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*
>
> The Supreme Court's most recent formulation of the pleading specificity standard is that "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. *Id.* The standard is one of "plausible grounds to infer." *Id.* The Court has instructed us that the rule "does not impose a probability requirement at the pleading stage," but instead *1296 "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.* It is sufficient if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible." *Id.*
>
> Applying the teachings of *Twombly* and our decisions to the pleading issue in this case, the question is whether Watts has alleged enough facts to suggest, raise a reasonable expectation of, and render plausible the fact that he sincerely held the religious belief that got him fired.

*Watts v. Florida Intern. Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007).

> Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993). Dismissal is therefore permitted "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Id.*

*Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006)

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

The Court in *Horwitz v. 13 Cafe & Lounge, Inc.*, 2010 WL 5262772 (M.D. Fla. 2010) recognized as follows:

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (citation omitted). For an alleged FLSA violation, as in the instant case, these pleading requirements are simple and straightforward. *See Sec. of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir.2008).

When measured against the appropriate standard at the motion to dismiss stage, Mr. Umberg sufficiently alleged his claims to withstand dismissal.

## IV. ARGUMENT AGAINST DISMISSAL

Defendant seeks dismissal of the Complaint by contending that Mr. Umberg should be bound by the two agreements he signed after the mediation agreement and by disputing its payment of the $100 as "separate consideration." Even if fully developed, neither argument gives the Court a basis to dismiss the Complaint.  Even if the Court were to accept the Defendant's arguments, they do not require dismissal of the Complaint or provide a basis to preclude the Court from invalidating the later-signed agreements for failing to comply with the OWBPA, from reforming the later-signed agreements due to mutual mistake, to rescind the later-signed agreements by failing to effectuate the mediation agreement, or from determining that the later-signed agreements did not supersede or invalidate the mediation agreement. Consequently, Defendant's Motion to Dismiss must be denied.

### A.     The Declaratory Relief Requested And Basis For Granting It.

The first set of arguments for determining Mr. Umberg is entitled to pursue a claim against Defendant under Fla. Stat. §440.205 is summarized in paragraphs 48-49, as follows:

48.     The "Full Release" has the following issues:

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

a. It mistakenly omitted the language permitting Mr. Umberg to retain the ability to pursue a claim under Fla. Stat §440.205, as the parties had agreed at mediation and in the "mediation agreement;"

b. It mistakenly included a release of (i.e., failed to exclude or carve out) claims brought under Fla. Stat. §440.205 notwithstanding the parties' "mediation agreement" which specifically allowed Mr. Umberg to continue to pursue such a claim;

c. It did not include any language stating that it represented the entire agreement and understanding between the parties and so remained subject to the earlier-signed and earlier-agreed-upon "mediation agreement;" and

d. It did not include any statement that it superseded any prior agreement(s) and therefore, it remained subject to the earlier-signed and earlier-agreed-upon "mediation agreement."

(Exhibit "B.")

49.     The "Separation and Release Agreement" has the following issues:

a. It mistakenly omitted the language permitting Mr. Umberg to retain the ability to pursue a claim under Fla. Stat §440.205, as the parties had agreed at mediation and in the "mediation agreement;"

b. It inadvertently included a release of (i.e., failed to exclude or carve out) claims brought under Fla. Stat. §440.205 notwithstanding the parties' "mediation agreement" which specifically allowed Mr. Umberg to continue to pursue such a claim;

c. It failed to include any language stating that it represented the entire agreement and understanding between the parties and so remained subject to the earlier-signed and earlier-agreed-upon "mediation agreement;" and

d. It did not include any statement that it superseded any prior agreement(s) and therefore, it remained subject to the earlier-signed and earlier-agreed-upon "mediation agreement."

(Exhibit "C.")

Mr. Umberg requests the Court to invalidate the "Release Agreement" and "Separation and Release Agreement" because neither contains the language required by the OWBPA and for failing to provide him the consideration period required. [ECF No. 1 at ¶¶58-63.] Lastly, Mr. Umberg

7

alleges that Defendant never paid him the $100 identified as the "separate consideration" for signing the "Separation and Release Agreement." [ECF No. 1 at ¶¶65-67.]

**B.** <u>Defendant's Arguments Are Completely Off-Target.</u>

Defendant does not contest the Court's ability to rescind, invalidate, or reform the subsequently signed agreements. The defendant first discusses the favorable treatment courts give to settlements and how settlement agreements are favorably viewed by the courts.  [ECF No. 7 at 5.] It then moves into a discussion about enforcing settlements when possible. *Id.* at 6. Afterward, Defendant discusses the value of exchanging promises and contends Mr. Umberg agreed to release <u>all</u> claims for $100.

> Here, Noble House agreed to pay to Plaintiff $100.00 pursuant to the Separation Agreement. In exchange, Plaintiff agreed to fully release all claims related to his employment with Noble House as described in the Separation Agreement.

*Id.*, at 7. Defendant concludes by arguing that Mr. Umberg's executing the later-signed agreements indicated his assent to the terms. *Id.*, at 8.

**C.** <u>The Complaint Nonetheless Survives Dismissal.</u>

1. <u>Reformation.</u>

The Defendant's arguments do not negate or preclude Mr. Umberg from obtaining a declaration of rights, as sought in Count II, to reform the later-signed agreements based on the parties' mutual mistake in failing to exclude Mr. Umberg's claim under Fla. Stat. §440.205 from the claims released in the later-signed agreements.

The Court is empowered to conform the later-signed agreements to the parties' written and signed mediation agreement to exclude Mr. Umberg's claim under Fla. Stat. §440.205 from any subsequent release:

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

> A court of equity has the power to reform a written instrument where, due to a mutual mistake, the instrument as drawn does not accurately express the true intention or agreement of the parties to the instrument. *Blumberg v. American Fire & Casualty Co.*, 51 So.2d 182 (Fla. 1951);  *Rosenthal v. First National Fire Insurance Co.*, 74 Fla. 371, 77 So. 92 (1917);  *Phenix Insurance Co. v. Hilliard*, 59 Fla. 590, 52 So. 799 (1910);  *Malt v. R. J. Mueller Enterprises, Inc.*, 396 So.2d 1174 (Fla. 4th DCA 1981);  *Gennaro v. Leeper*, 313 So.2d 70 (Fla. 2d DCA 1975).

*Providence Square Asso. v. Biancardi*, 507 So. 2d 1366, 1369 (Fla. 1987).

The Florida Fourth District Court of Appeal considered a situation similar to the one at bar, in which one party to a contract sought reformation by contending that a mistake resulted in the signing of an erroneous document that did not embody the parties' prior agreement, in *Goodall v. Whispering Woods Ctr., L.L.C.*, 990 So. 2d 695 (Fla. 4th DCA 2008). After determining that a "merger and integration clause" would not preclude reformation of the contract and that one party's negligence in failing to read the agreement was not a bar to recovery by relying on the Restatement (Second) of Contracts §157, cmt b., the Fourth District Court of Appeal noted that, "It would eviscerate reformation to hold that the failure to carefully read the final instrument bars the remedy." *Goodall*, 990 So. 2d at 700. Ultimately, that court denied the motion to dismiss the claim for reformation. In the case at bar, Mr. Umberg alleged that the parties' prior (written mediation agreement) conflicted with the terms of the later-signed agreements, requiring reformation. Mr. Umberg's claim for reformation, like the plaintiff in *Goodall*, is entitled to pursue his reformation claim notwithstanding the Defendant's arguments for dismissal.

2.     <u>Rescission Based on Mutual Mistake</u>

Defendant does not contend that the relief request – rescission – is unavailable for a mutually mistaken document or that the requisite elements were not pled. Mr. Umberg does not need to address this issue, based on the Defendant's failure to contest it with an argument supported by citations to any law.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

3.      Unenforceable Release for Failure to Pay "Separate Consideration."

Mr. Umberg alleges that Defendant paid him as consideration the amount the parties agreed on at mediation. [ECF No. 1 at 64.] He next alleges that the "Separation and Release Agreement" required Mr. Umber to receive as "valuable and separate consideration" an additional $100, but he did not receive it. *Id.*, at 65-66. Defendant contends that it paid Mr. Umberg the $100 as the "valuable and separate consideration" required by the "Separation and Release Agreement" and that its "agreement to pay Plaintiff" is sufficient. [ECF No. 7 at 7-8.] At best, Defendant disputes the facts alleged in paragraphs 64 and 65 of the Complaint (and admits the allegation at paragraph 67 that the parties dispute whether the payment was made). A motion to dismiss that disagrees with facts alleged in a Complaint is a concession that discovery, not dismissal, is required. With the Court confined to considering the allegations of the Complaint and to construing all inferences from those facts in Plaintiff's favor, Defendant's motion must be denied. *See St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) ("While there may be a dispute as to whether the alleged facts are the actual facts, in reviewing the grant of a motion to dismiss, we are required to accept the allegations in the complaint as true." (citing *Wilson v. Strong*, 156 F.3d 1131, 1132 (11th Cir. 1998).)

4.      Incorporation of Mediation Agreement.

Defendant concedes the "later signed agreements" do not include a merger or integration clause. Mr. Umberg does not need to address this issue, based on the Defendant's failure to contest it with an argument supported by citations to any law.

5.      Invalidity/Rescinding for Failing to Comply with OWBPA

10

Defendant conceded that the agreements appended to the Complaint are invalid for failing to contain the language required by the OWPBA by not addressing this issue. No further response is required.

**D.     The Court Cannot Permit Sandbagging or Consider New Arguments.**

With the benefit of Mr. Umberg's arguments – and pointing out the concessions Defendant made – the Court cannot permit it to offer new arguments in its reply to sandbag him.

> But it is improper for a party to raise a new argument in its reply. *See Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345, 1349 (S.D. Fla. 2012) ("Because it is improper for [the party] to raise this new argument in its Reply brief, the argument will not be considered") (citing *Herring v. Sec. Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court")).

*Katchmore Luhrs, LLC v. Allianz Glob. & Corp. Specialty*, 2016 WL 1756911, at *1 (S.D. Fla. May 3, 2016). The Court cannot properly consider any new argument that Defendant did not previously raise in its Motion. *See e.g., Kadylak v. Royal Caribbean Cruise, Ltd.*, 167 F. Supp. 3d 1301, 1308 (S.D. Fla. 2016) (refusing to consider argument raised initially in reply memorandum); and *TCC Air Services, Inc. v. Schlesinger*, 2009 WL 565516, at *7 (S.D. Fla. Mar. 5, 2009) (refusing to consider new evidence raised initially in reply); *accord* repeatedly *Herring v. Sec'y, Dept. of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.") (citations omitted).

**E.     Any Dismissal Should Be Without Prejudice.**

Mr. Umberg submits that he sufficiently alleged his claims against Defendant. The Court had not yet addressed the viability of the Complaint, which is the subject of the pending Motion to Dismiss [ECF No. 7]. If the Court determines Mr. Umberg failed to sufficiently allege any facts necessary to place Defendant on notice of his claims, he requests the Court enter a dismissal without prejudice to allow him to address any perceived failings in an amended pleading. *See e.g., Cohan v. Ocean Club at Deerfield Beach Condo. Ass'n, Inc.*, 2014 WL 1274128, at *3 (S.D. Fla. Mar. 27,

11

2014) (determining dismissal of ADA claim should be without prejudice because it was possible that plaintiff "could state a claim by alleging additional facts....")

## V. CONCLUSION

For the foregoing reasons, Mr. Umberg requests that the Court determine that he sufficiently pled his claims and deny the Defendant's Motion to Dismiss. If the Court grants dismissal, he requests it be without prejudice.

Respectfully submitted this 22nd day of January 2025,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
**FAIRLAW FIRM**
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

12