IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL UMBERG,                                                            CASE NO.: 4:24-CV-10100-DPG

      Plaintiff,

v.

NOBLE HOUSE HOTELS & RESORTS, LTD.,

      Defendant.
_____/

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO ENFORCE SETTLEMENT AGREEMENT

NOBLE HOUSE HOTELS & RESORTS, LTD. ("Defendant"), pursuant Fed. R. Civ. P. 12(b)(6), files this reply in support of its to Motion enforce the Release Agreements entered into between Plaintiff MICHAEL UMBERG ("Plaintiff") and Defendant on June 17, 2024 [D.E. 7]. In support of its motion, Defendant states:

### INTRODUCTION

This action stems from Plaintiff's employment with Defendant. *See* D.E. 1 at ¶ 5. Defendant has moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant's Motion to Dismiss Plaintiff's Complaint and to enforce the Release Agreements entered into between Plaintiff and Defendant (the "Motion") is hereby fully incorporated and reasserted herein by reference.

In the Motion, Defendant seeks dismissal of Plaintiff's claims because Plaintiff expressly acknowledged and agreed to waive his right to file a lawsuit against Defendant. *See* Separation Agreement submitted with Plaintiff's Complaint at D.E. 1-5.

CASE NO.: 0:22-cv-61093-RS

Pursuant to the Mediation Agreement attached the Plaintiff's Complaint, Plaintiff agreed "to execute a General Release, with a carve-out for a 440.205 claim only, and separation agreement, with an agreement not to seek re-hire." *See* Mediation Agreement submitted with Plaintiff's Complaint at D.E. 1-3. After entering into the Mediation Agreement, Plaintiff and Defendant entered into the Separation Agreement, in which Plaintiff agreed, *inter alia*, that:

> "I hereby declare and represent that I am over the age of eighteen (18) and that I am legally competent to execute this SETTLEMENT AGREEMENT AND RELEASE knowingly and voluntarily…I acknowledge that no promise or inducement not herein expressed has been made, that I am not relying upon any statement or representation made by RELEASEES, or any agent, physician, doctor, lawyer, or other person representing the RELEASEES…that the payment of the above-mentioned sum is in compromise settlement and full satisfaction of all the above and below mentioned actions, claims, and demands whatsoever."

> "I hereby waive and release my right to future claims and/or lawsuits against RELEASEES and forever discharge the RELEASEES from any and all losses, expenses, claims, judgment, costs, past attorneys' fees, expenses, rights, and entitlement, whether known or unknown, that I have now or may later claim to have had against any RELEASEES, without any limitation, on account of anything which has occurred up to the date I sign this SETTLEMENT AGREEMENT AND RELEASE, including, without limitation, those arising out of my employment with the RELEASEES, excluding only my rights to any vested pension benefits. This release includes, but is not limited to, any claims for workers' compensation, including any potential claim pursuant to Section 440.205, Florida Statutes, . . ."

> "If for any reason any part of this agreement is found to be invalid, illegal, unconstitutional, unenforceable, or void it will have no effect on the remaining portions of the agreement, which portions will remain intact and in full force and effect."

> "I hereby acknowledge receipt of ONE HUNDRED DOLLARS AND NO CENTS ($100.00), United States Currency, as valuable and <u>separate</u> consideration, in exchange for my agreement to sign this SETTLEMENT AGREEMENT AND RELEASE."

*See* D.E. 1-5.

Plaintiff clearly signed the Separation Agreement attached to his Complaint, denoting Plaintiff's written agreement to release his claims against Defendant. The Separation Agreement should, therefore, be enforced. Plaintiff's Response in opposition to Defendant's Motion (the "Response") confirms that Defendant's Motion should be granted. Plaintiff fails to provide any caselaw that would permit this court to avoid enforcing the Separation Agreement that Plaintiff (as a party) executed by signing his name on the document in the presence of a Notary. *See* D.E. 1-5. Plaintiff's Response has totally failed to present any persuasive counterarguments to Defendant's position that, by signing the Separation Agreement, Plaintiff agreed to waive his right to file a lawsuit against Defendant, and Plaintiff's attempt to establish that this Court should consider parole evidence to contradict or affect the construction of the Separation Agreement, which is clear and unambiguous, without providing sufficient, applicable legal support falls, flat on its face.

## ARGUMENT

### I. The Exhibits to Plaintiff's Complaint Contradict Plaintiff's Conclusory Allegations.

On a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted, the court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Edwards v. Prime Inc.,* 602 F.3d 1276, 1291 (11th Cir.2010). Although, conclusory allegations will not suffice to state a claim; rather, the complaint must allege sufficient facts to state a plausible claim to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff has included a myriad of factual allegations and legal conclusions in his Complaint and the Response. However, the Court does not view each fact in isolation but considers the

complaint in its entirety. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). The pleadings include any information attached to a complaint. Fed. R.Civ.P. 10(c); *Crenshaw v. Lister,* 556 F.3d 1283, 1291 (11th Cir.2009). If the exhibits contradict the general and conclusory allegations of the pleading, then the documents govern. *Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.,* No. 13–21653–CIV, 143 F.Supp.3d 1283, 1290-91, 2015 WL 7007983, at *4 (S.D.Fla. May 18, 2015) (citing *Crenshaw v. Lister,* 556 F.3d 1283, 1284 (11th Cir.2009)).

The exhibits to the Complaint clearly contradict Plaintiff's allegations and reveal, for example, that: (1) Plaintiff expressly acknowledged receipt of $100 as consideration for signing the Separation Agreement; and (2) Plaintiff expressly agreed that if for any reason any part of the Separation Agreement was found to be invalid, illegal, unconstitutional, unenforceable, or void it will have no effect on the remaining portions of the Separation Agreement:

CASE NO.: 0:22-cv-61093-RS

> If for any reason any part of this agreement is found to be invalid, illegal, unconstitutional, unenforceable, or void it will have no effect on the remaining portions of the agreement, which portions will remain intact and in full force and effect.
>
> I hereby acknowledge receipt of ONE HUNDRED DOLLARS AND NO CENTS ($100.00), United States Currency, as valuable and separate consideration, in exchange for my agreement to sign this SETTLEMENT AGREEMENT AND RELEASE.
>
> Name: MICHAEL UMBERG
> Signature: [signed]
> Date: 6/17/24
> COUNTY OF: Monroe
> STATE OF: Florida
>
> BEFORE ME, the undersigned authority, personally appeared, Micheel Umberg, who has acknowledged to me that he has executed the foregoing release freely and voluntarily for the uses and purposes therein expressed. WITNESS my hand and seal this 17th day of June, 2024.
>
> 
>
> NOTARY PUBLIC
> MY COMMISSION EXPIRES: 6/5/2027

*See* D.E. 1-5.

Because the exhibits to the Complaint contradict Plaintiff's allegations, including that Defendant failed to pay Plaintiff $100 pursuant to the Separation Agreement, the documents control. *See Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.,* No. 13–21653–CIV, 143 F.Supp.3d 1283, 1290-91, 2015 WL 7007983, at *4 (S.D.Fla. May 18, 2015).

Additionally, Plaintiff's claims for declaratory relief hinge on Plaintiff's allegation that a "mutual mistake" occurred during the formation of the Separation agreement. (*See* generally D.E. 1).  However, Plaintiff's assertion that there was mutual mistake with regard to the terms of the Separation Agreement is a conclusion of law which need not be accepted as true. *See Keystone Creations, Inc. v. City of Delray Beach,* 890 So.2d 1119, 1127 (Fla. 4th DCA 2004).

## II. The Parol Evidence Rule Bars Introduction of Extrinsic Evidence That Would Contradict the Clear, Unambiguous Agreement Between Plaintiff and Defendant.

Under Florida law, "[i]f a contract provision is clear and unambiguous, a court may not consider extrinsic or parol evidence to change the plain meaning set forth in the contract." *Cost Recovery Servs. LLC v. Alltel Commc'ns, Inc.*, 259 F. App'x 223, 225–26 (11th Cir. 2007) (alteration added; quotation marks omitted; quoting *Jenkins v. Eckerd Corp.*, 913 So. 2d 43, 52 (Fla. 1st DCA 2005)). An ambiguity in a written agreement can be latent, patent, or fall into a third category known as an intermediate ambiguity. *See Ace Elec. Supply Co. v. Terra Nova Elec., Inc.,* 288 So.2d 544, 547 (Fla. 1st DCA 1973).

A patent ambiguity appears on the face of the instrument and arises from defective, obscure, or insensible language. *Crown Mgm't Corp. v. Goodman,* 452 So.2d 49, 52 (Fla. 2d DCA 1984). Extrinsic evidence is inadmissible if the ambiguity is patent, because such evidence would, in effect, allow courts to rewrite the contract for the parties by supplying information the parties themselves did not choose to include. *Emergency Assocs. of Tampa, P.A. v. Sassano,* 664 So.2d 1000, 1002 (Fla. 2d DCA 1995) (citing *Hunt v. First Nat'l Bank,* 381 So.2d 1194, 1196 n. 1 (Fla. 2d DCA 1980)). A latent ambiguity exists where a contract fails to specify the parties' rights or duties in certain situations and extrinsic evidence is necessary to interpret possible meanings. *Forest Hills Utils., Inc. v. Pasco Cnty.,* 536 So.2d 1117, 1119 (Fla. 2d DCA 1988). Where there is a latent ambiguity, extrinsic evidence is required because the instrument itself does

not provide sufficient insight into the parties' intent. *Id.* (citing *Crown Mgm't Corp. v. Goodman,* 452 So.2d at 49; *Morton v. Morton,* 307 So.2d 835 (Fla. 3d DCA 1975)). In *Ace Elec. Supply Co.,* the First District Court of Appeals determined that a written contract contained a third "intermediate ambiguity" category because the ambiguity was arguably both patent and latent. *Ace Elec. Supply Co.,* 288 So.2d at 547. The court treated the intermediate ambiguity as latent, allowing extrinsic evidence. *Id.* ("... the third category known as an intermediate ambiguity, which it is recommended in law should be treated as a latent ambiguity, permitting admission of extrinsic evidence for its resolution.").

Plaintiff's Response has totally failed to demonstrate that the Separation Agreement contains a latent ambiguity or, at a minimum, an intermediate ambiguity, allowing for parol evidence. By signing the Separation Agreement, the parties in this case mutually agreed to a "certain and definite proposition"—namely, Plaintiff agreed to waive or discharge all claims against Defendant in exchange for payment." (*See* D.E. 1-5). The Separation Agreement expressly sets forth clear, definite terms, and the essential terms were communicated to Plaintiff in writing. (*See* D.E. 1-5). Plaintiff expressly acknowledge receiving consideration for the Separation agreement. (*See* D.E. 1-5). Plaintiff's signature on the Separation Agreement evidences his clear and definite consent. (*See* D.E. 1-5).

The Mediation Agreement among the Parties created a framework to resolve the Parties' differences without nailing down all of the essential terms of the Separation Agreement that was ultimately executed by Plaintiff. (*See* D.E. 1-3). "Where essential terms of an agreement remain

open, and subject to future negotiation, there can be no enforceable contract." *Dows v. Nike, Inc.,* 846 So.2d 595, 602 (Fla. 4th DCA 2003). [1]

Plaintiff indisputably assented to the Separation Agreement's clear, definite terms when he signed the Separation Agreement on June 17, 2024. *See Sabin v. Lowe's, Inc.*, 404 So. 2d 772, 773 (Fla. 5th DCA 1981) (holding "[a] party has a duty to learn and know the contents of a proposed contract before he signs and delivers it and is presumed to know and understand its contents, terms and conditions."); *Snelling & Snelling, Inc. v. Reynolds*, 140 F. Supp. 2d 1314, 1322 (M.D. Fla. 2001) (holding "[a] party who signs a contract is presumed to know and understand the contents"). As a matter of law, the Separation Agreement is valid and enforceable under ordinary state law principles.

## CONCLUSION

It is not the Court's role to rewrite an agreement, "especially when both parties had ample opportunity to review the document before signing it." *Century Commc'ns. of Florida, Inc. v. Bright House Networks, LLC*, No. 09-81108, 2010 WL 11597662, at *2-3 (S.D. Fla. Sept. 29, 2010). In the instant case, Plaintiff signed and agreed to be bound by the terms of the Separation Agreement which stipulated a full release from all claims arising out of Plaintiff's employment, including claims under Fla. Stat. §440.205, and, as a result, this Court should dismiss Plaintiff's Complaint in its entirety.

By filing the instant lawsuit against Defendant, Plaintiff has willfully breached the terms of the Separation Agreement. As a result of Plaintiff's willful breach of the Separation Agreement,

---

[1] An "agreement to agree" is unenforceable as a matter of law. *Spanish Broad. Sys. of Fla., Inc. v. Alfonso,* 689 So.2d 1092, 1094 (Fla. 3d DCA 1997).

CASE NO.: 0:22-cv-61093-RS

Defendant has suffered substantial harm, for which it should be fully compensated in an amount equal to the expenses it has incurred related to enforcing its rights under the Separation Agreement.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of January 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> Counsel for Defendant
> Cole, Scott & Kissane Building
> 9150 South Dadeland Boulevard, Suite 1400
> P.O. Box 569015
> Miami, Florida 33256
> Telephone (786) 268-6785
> Facsimile (305) 373-2294
> Primary e-mail: nicholas.nashII@csklegal.com
> Primary e-mail: steven.ehrlich@csklegal.com
> Secondary e-mail: josedavid.perez@csklegal.com
>
> By: *s/ Nicholas M. Nash, II*
> NICHOLAS M. NASH, II
> Florida Bar No.: 1017063
> STEVEN L. EHRLICH
> Florida Bar No.: 91409

0439.1126-00