IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL UMBERG,                                               CASE NO.: 4:24-CV-10100-DPG

    Plaintiff,

v.

NOBLE HOUSE HOTELS & RESORTS, LTD.,

    Defendant.
_____/

**MOTION TO STAY**
**DISCOVERY PENDING RESOLUTION OF**
**MOTION TO DISMISS AND ENFORCE SETTLEMENT AGREEMENT**

NOBLE HOUSE HOTELS & RESORTS, LTD. ("Defendant") files this Motion to Stay Discovery and states as follows:

1. On December 16, 2024, Plaintiff, MICHAEL UMBERG ("Plaintiff") filed his Complaint [D.E. 1] against Defendant.

2. On January 8, 2025, Defendant filed its Motion to Dismiss and Enforce Settlement Agreement (the "Motion"), which is currently pending. [D.E. 7].

3. In light of the foregoing, discovery is premature and contrary to applicable law. Moreover, a stay of discovery will afford the Court an opportunity to rule on the pending Motion, while sparing the parties the burden of potentially unnecessary discovery. It is inefficient and burdensome to conduct discovery while Defendant's Motion is pending.

4. In determining whether a stay is appropriate, courts examine the following four factors: (1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed; (3) potential for harm to the opposing party if the

stay is issued and (4) whether issuing a stay would be in the public interest. *Guirola–Beeche v. U.S. Dep't of Justice*, 662 F.Supp. 1414, 1417–18 (S.D.Fla.1987).

5. Determining that a movant demonstrate a probable likelihood of success on the merits is often difficult in the early stages of litigation. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir.), cert. denied, —— U.S. ——, 107 S.Ct. 289, 93 L.Ed.2d 263 (1986). Rather, in determining whether a stay should be granted, the Court will look at the remaining three factors and determine if the balance of the equities weigh heavily in favor of granting the stay. *Id*. If factors two through four weighs in favor of the moving party, a motion to stay may be granted upon a lesser showing of a "substantial case on the merits." *Id*.

6. Federal courts have broad discretion to stay discovery, and routinely do so pending the resolution of a motion to dismiss.[1] As the Eleventh Circuit has indicated:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins.... [N]either the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasma v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997); *see also Patterson v. United States Postal Service,* 901 F.2d 927, 929 (11th Cir. 1990) (affirming trial court's stay of discovery pending resolution of a dispositive motion in a putative class action); *Feist v. Jefferson County Commissioner's Court,* 778 F.2d 250, 252-53 (5th Cir. 1985) (proper to first determine whether plaintiff raised a claim upon which relief could be granted before authorizing discovery);

---

[1] Motions to compel arbitration are treated as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of civil procedure 12(b)(1). *McElmurray v. Consol. Gov't of Augusta Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

CASE NO.: 4:24-CV-10100-DPG

*Florsheim Shoe Co. v. United States,* 744 F.2d 787, 797 (Fed. Cir. 1984) (proper to enter order staying discovery pending resolution of motion to dismiss).

7. A stay of discovery is proper when legal sufficiency of claims arise. *See, e.g. Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353 (11th Cir. 1997) (holding: "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins").

8. Based on the foregoing, Defendant respectfully requests this Court to enter an Order staying all discovery directed to Defendant pending resolution of its Motion.

9. The parties would not be prejudiced by a stay of discovery, as a stay would serve to prevent the parties from engaging in unnecessary discovery, saving the parties attorney fees and costs associated with same.

10. Accordingly, based on the pending Motion [D.E. 7], Defendant requests and moves this Court to stay all discovery directed to Defendant pending the Court's ruling on Defendant's Motion.

WHEREFORE, for the foregoing reasons, NOBLE HOUSE HOTELS & RESORTS, LTD. respectfully requests that this Honorable Court: (i) grant the instant Motion, (ii) enter an Order to stay all discovery directed to Defendant pending resolution of Defendant's Motion to Dismiss and Enforce Settlement Agreement, and (iii) grant any and all other relief this Court deems fair and just under the circumstances.

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400

CASE NO.: 4:24-CV-10100-DPG

P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6785
Facsimile (305) 373-2294
Primary e-mail: nicholas.nashII@csklegal.com
Primary e-mail: steven.ehrlich@csklegal.com
Secondary e-mail: ieshia.owens@csklegal.com

*s/ Nicholas M. Nash, II*
NICHOLAS M. NASH, II
Florida Bar No.: 1017063
STEVEN L. EHRLICH
Florida Bar No.: 91409

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Counsel for Defendant has conferred with counsel for the Plaintiff regarding the grounds for this Motion, and the Plaintiff opposes the relief requested in this motion.

CASE NO.: 4:24-CV-10100-DPG

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of April 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

By: *s/ Nicholas M. Nash, II*

NICHOLAS M. NASH, II
Florida Bar No.: 1017063