UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:24-CV-10100-GAYLES/GOODMAN

MICHAEL UMBERG,

 Plaintiff,

vs.

NOBLE HOUSE HOTELS &
RESORTS, LTD.,

 Defendant.
_____/

**PLAINTIFF'S SUPPLEMENTAL DISCLOSURE STATEMENT**

 Plaintiff, Michael Umberg, files his Supplemental Disclosure Statement in compliance with Paperless Order entered on May 7, 2025 [ECF No. 21], and the provisions of Fed. R. Civ. P. 7.1(a)(2), by providing the following information for the Court's consideration:

### A. CITIZENSHIP OF THE PLAINTIFF

| Party or Intervenor Name | Citizenship |
|---|---|
| Michael Umberg | is domiciled and lives in Monroe County, Florida |

### B. BASIS FOR JURISDICTION OVER DECLARATORY RELIEF CLAIM

#### I. Introduction

 Mr. Umberg asserts that this Court has jurisdiction based on diversity of citizenship under 28 U.S.C. §1332 and federal question jurisdiction under 28 U.S.C. §1331. Mr. Umberg's claim for declaratory relief involves the interpretation and enforcement of a mediation agreement and subsequent releases, which implicate federal law, including the Declaratory Judgment Act and the Older Workers Benefit Protection Act (OWBPA), 29 U.S.C. §626. Determining that diversity or federal question jurisdiction exists satisfies the Court's inquiry and permits adjudication on the merits.

## II. Standard for Federal Jurisdiction

Federal courts have limited jurisdiction to hear only those cases authorized by the Constitution or federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal jurisdiction may be founded on federal question jurisdiction under 28 U.S.C. §1331 or diversity jurisdiction under 28 U.S.C. §1332. Although the Declaratory Judgment Act, 28 U.S.C. §2201, offers a mechanism for parties to seek declaratory relief, it does not independently grant jurisdiction. Therefore, an independent basis for jurisdiction, such as a federal question or diversity of citizenship, must exist.

Once this independent basis for jurisdiction is established, the court typically exercises its supplemental jurisdiction over the entire case, with few exceptions:

> "A federal court has jurisdiction over an entire action, including state law claims, whenever the federal law and state law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (alteration in original; quoting *United Auto Workers v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)). Admittedly, the Court has discretion to decline supplemental jurisdiction over a state-law claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are compelling reasons for declining jurisdiction." *Palmer v. Hosp. Authority of Randolph Cnty.*, 22 F.3d 1559, 1562 n.3 (11th Cir. 1994) (quoting 28 U.S.C. § 1367).

*Espino v. Fla. DOT*, 2020 U.S. Dist. LEXIS 260097, at *2 (S.D. Fla. Aug. 18, 2020) (denying motion to remand based on "same set of operative facts gives rise to both the federal and state law claims".) This case does not implicate any of the exceptions, as the preliminary issue involves the Court's evaluation of the efficacy of the release(s) given, including whether the effect of the Defendant's failure to include the language required by the OWBPA.

## III. Federal Question Jurisdiction Over the Declaratory Relief Claim

Federal question jurisdiction depends on the well-pleaded complaint rule: "Whether a claim 'arises under' federal law is governed by whether the plaintiff's 'well-pleaded complaint'

raises federal issues." *Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277, 281 (11th Cir. 1987) (*citing Gully v. First National Bank*, 299 U.S. 109, 57 S. Ct. 96, 81 L. Ed. 70 (1936); and *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908)).

Mr. Umberg's claim for declaratory relief arises under federal law, satisfying the requirements for federal question jurisdiction under 28 U.S.C. §1331. Federal question jurisdiction exists because Mr. Umberg's complaint demonstrates that his claim arises under federal law. In the context of declaratory judgment actions, federal jurisdiction is appropriate if the plaintiff alleges facts showing that the defendant could file a coercive action arising under federal law.

Mr. Umberg's claim for declaratory relief involves the interpretation and enforcement of a mediation agreement that excludes the release of his claim under Fla. Stat. §440.205 and subsequent releases, which allegedly failed to exclude his claim under Fla. Stat. §440.205. More significantly for the Court's determination of jurisdiction are his allegations that the subsequent releases are invalid for failing to comply with the OWBPA, a federal statute. [ECF No. 1 at ¶¶58-63.]

The OWBPA imposes specific requirements for waivers of age discrimination claims to be effective, and the Plaintiff contends that the releases fail to meet these requirements, rendering the subsequent releases invalid. *Burlison v. McDonald's Corp.*, 455 F.3d 1242, Hearn v. IBM, 2013 U.S. Dist. LEXIS 141761. Because Mr. Umberg's claim for declaratory relief involves substantial questions of federal law, including the application of the OWBPA, federal question jurisdiction exists.

Federal law determines the validity of agreements involving the requirements imposed by federal law, including whether the payment of the settlement amount precludes a challenge to the releases given.

> Federal law determines whether Plaintiff can sue without tendering back the severance package. *See Forbus v. Sears Roebuck & Co.*, 958 F.2d 1036, 1040 (11th Cir. 1992) ("The

> question whether a tender back of the consideration was a prerequisite to the bringing of the suit is to be determined by federal rather than state law." (quoting *Hogue v. S. Ry. Co.*, 390 U.S. 516, 517 (1968)). In a case concerning a tender-back requirement, the Supreme Court found in *Oubre v. Entergy Operations, Inc.*, that a former employee could sue under the ADEA without first tendering back consideration received from the employer in exchange for a release. 522 U.S. 422, 118 S. Ct. 838, 139 L. Ed. 2d 849 (1998). The Court reasoned that the Older Workers Benefit Protection Act ("OWBPA") set the standard for releasing ADEA claims. Since the release at issue did not meet that standard, the waiver was ineffective. The Court also found that allowing this waiver would frustrate the statute's purpose as many former employees "will have already spent the moneys received and will lack the means to tender their return." *Id.* at 427.

*Gaines v. UnitedHealth Grp.*, 2019 U.S. Dist. LEXIS 250962, at *18 (N.D. Ga. Nov. 15, 2019). The issues for the Court to resolve herein implicate the "tender" issue, as raised by the Defendant in its Motion to Dismiss, which requires the Court to apply federal law.

> Here, Noble House agreed to pay to Plaintiff $100.00 pursuant to the Separation Agreement. In exchange, Plaintiff agreed to fully release all claims related to his employment with Noble House as described in the Separation Agreement. As a result of Plaintiff's agreement to forbear his right to pursue his claims against Noble House in accordance with the Separation Agreement, valid consideration for the Separation Agreement exists.

[ECF No. 7 at 7.] Due to the federal issues involved, the Court has federal question jurisdiction over Mr. Umberg's claims.

### IV. Diversity Jurisdiction Over the Complaint

Besides federal question jurisdiction, the Court has diversity jurisdiction over Mr. Umberg's complaint under 28 U.S.C. §1332. In the Complaint, Mr. Umberg alleged that he and the Defendant are diverse. [ECF No. 1 at ¶¶1-2.] Subsequently, he clarified that he is not only a resident of but also a citizen of Monroe County, Florida. [ECF No. 22.] As for the Defendant, it is a limited partnership, and its citizenship is determined by the citizenship of its partners.

> In *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 1021, 108 L. Ed. 2d 157 (1990), the Supreme Court held that for purposes of diversity of citizenship, a **limited partnership** is a citizen of each state in which any of its partners, limited or general, are citizens.

*Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004). Citizenship of limited liability companies is, likewise, dependent upon the citizenship of its members. *Id.*, at 1022.

Mr. Umberg is a citizen of Florida, while the Defendant is a Texas limited liability company with its principal place of business in Washington. Unless the Defendant identifies a partner (or a limited liability company partner with a member) who is a citizen of Florida, complete diversity exists. When considered together with the amount in controversy exceeding $100,000, the requirements for diversity jurisdiction are satisfied.

### V.     Jurisdiction Under the Declaratory Judgment Act

The Declaratory Judgment Act, 28 U.S.C. §2201, allows federal courts to issue declaratory judgments in cases of actual controversy within their jurisdiction but does not provide an independent basis for federal jurisdiction. *Aguilera v. Dist. Dir.*, 423 F. App'x 916, 918 (11th Cir. 2011). Mr. Umberg alleged that the Court has both diversity and federal question jurisdiction.

> In diversity cases seeking declaratory relief, the federal court applies state law on the substantive issues presented in the declaratory  [*1310]  judgment action. *See State Farm Fire & Cas. Co. v. Sweat,* 547 F. Supp. 233, 239 n.14 (N.D. Ga. 1982); *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78-80, 58 S.Ct. 817, 822-23, 82 L. Ed. 1188 (1938). Yet federal law determines whether a federal court can and may properly render a declaratory judgment. *See Cincinnati Ins. Co. v. Holbrook,* 867 F.2d 1330, 1332-33 (11th Cir. 1989), *abrogated on other grounds* by *Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S.Ct. 2137, 132 L. Ed. 2d 214 (1995); *State Farm Fire,* 547 F. Supp. at 238-39.

*Townhouses of Highland Beach Condo. Ass'n v. QBE Ins. Corp.*, 504 F. Supp. 2d 1307, 1309-10 (S.D. Fla. 2007). The Declaratory Judgment Act must, however, be considered when the Court renders its decision on whether Mr. Umberg can pursue his claim(s) in light of the issues to be adjudicated.

### VI.     Conclusion

For these reasons, the Court should determine that it has diversity and federal question jurisdiction over Mr. Umberg's Complaint, including the claims asserted therein. Mr. Umberg's Complaint raises issues requiring the interpretation of the OWBPA, thereby triggering the Court's

federal question jurisdiction. Moreover, once the Defendant confirms that the partners of its limited partnership are citizens of states other than Florida, the Court will also have diversity jurisdiction over this case. Mr. Umberg's claims arise under federal law and present a substantial federal question (between diverse parties). Accordingly, the Court properly exercises jurisdiction over this case and adjudicates the matters set forth therein.

Dated this 16th day of May 2025.

Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
