UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:24-cv-10100-GAYLES

MICHAEL UMBERG,

    Plaintiff,

v.

NOBLE HOUSE HOTELS &
RESORTS, LTD.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on a *sua sponte* review of the Complaint and the parties' responses to the Court's May 7, 2025, Order to Show Cause. [ECF No. 21].

Plaintiff alleges that the Court has diversity jurisdiction over his claim brought under Florida Statute § 440.205 and federal question jurisdiction over his declaratory relief claim. [ECF No. 1]. For purposes of diversity jurisdiction, Plaintiff states in his Supplemental Disclosure Statement that he is domiciled and lives in Monroe County, Florida. [ECF No. 24]. In Defendant's Corporate Disclosure Statement, Defendant lists it's general and limited partners—each limited liability companies—but does not list the citizenship of each member of those limited liability companies. [ECF No. 25]. Plaintiff also asserts that the Court has federal question jurisdiction pursuant to the Declaratory Judgment Act because the Complaint raises issues under the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626. *Id.*

The allegations in the Complaint and supplemental filings are insufficient to establish whether the Court has diversity or federal question jurisdiction. With respect to diversity jurisdiction, the Court cannot ascertain Defendant's citizenship without knowing the "citizenships

of all members of the limited liability compan[ies]" within its ownership chain. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

With respect to federal question jurisdiction, "[t]he Declaratory Judgment Act fails to establish subject matter jurisdiction because it does not expand on federal subject matter jurisdiction but merely creates a new remedy in cases or controversies for which an independent basis of federal jurisdiction exists." *Van Schaick v. Miami-Dade Aviation Dep't,* No. 23-23802-CV, 2024 WL 3740351, at *2 (S.D. Fla. July 31, 2024) (internal quotation omitted). "Where the plaintiff has not asserted an affirmative federal right[,] this Court may still have federal question jurisdiction over a declaratory judgment action, but only if the plaintiff's well-pleaded complaint alleges facts demonstrating that the defendant could or has filed a coercive action that arises under federal law." *Consol. Burger Holdings, LLC v. Burger King Corp.*, No. 23-24419-CIV, 2024 WL 4472018, at *2 (S.D. Fla. Jan. 24, 2024) (internal quotation omitted). While Plaintiff argues that the OWBPA provides an independent basis for jurisdiction, it does not appear that Defendant could file a coercive action under that statute. *See Barrer-Cohen v. Greenburgh Cent. Sch. Dist.*, No. 18 CIV. 1847 (NSR), 2019 WL 3456679, at *6 (S.D.N.Y. July 30, 2019) (holding that "the OWBPA does not create a private cause of action."); *Welch v. Maritrans Inc.*, No. 00-2606, 2001 WL 73112, at *8 (E.D. Pa. Jan. 25, 2001) ("[T]he OWBPA does not, by itself, establish a claim under the ADEA. . . . [it] simply determines whether an employee has, as a matter of law, waived the right to bring a separate and distinct ADEA claim.") (internal quotation omitted).

Accordingly, it is

**ORDERED AND ADJUDGED** that on or before July 21, 2025, the parties shall file supplemental briefs on this Court's subject matter jurisdiction over this action. Defendant's brief

shall include a detailed listing of the citizenship each member of each limited liability company in its ownership chain.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of July, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE